**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**LUISA MARLEN MERLAN HERNANDEZ,**
Plaintiff,
v.
**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**
**NATALIA FIGUEROA,** USCIS San Juan, PR Field Office Director; **MARKWAYNE MULLIN,** Secretary, United States Department of Homeland Security; **JOSEPH B. EDLOW,** Director, United States Citizenship and Immigration Services; **KASH PATEL,** Director of the United States Federal Bureau of Investigation; **TODD BLANCHE,** Attorney General of the United States in his official capacity for the **UNITED STATES OF AMERICA** and its named agencies and officers; and **HECTOR RAMIREZ-CARBO,** Acting U.S. Attorney for the District of Puerto Rico,
Defendants.

CIVIL NO.: 3:26-1740

**COMPLAINT FOR PETITION FOR A WRIT OF MANDAMUS, OR IN THE ALTERNATIVE, REQUEST FOR DECLARATORY JUDGMENT AND OTHER CLAIMS**

**COME NOW** Plaintiff, **LUISA MARLEN MERLAN HERNANDEZ**, by and through undersigned counsel, and respectfully files this Complaint seeking extraordinary relief against Defendants for their unlawful, arbitrary, and unreasonable failure to adjudicate her Application to Register Permanent Residence or Adjust Status (Form I-485), filed pursuant to the Cuban Adjustment Act of 1966 ("CAA"), Pub. L. No. 89-732, 80 Stat. 1161, and § 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255. In support thereof, Plaintiff alleges, states, and prays as follows:

1. This is an action seeking this Honorable Court's declaratory, injunctive, and mandamus relief from Defendants' failure to adjudicate Plaintiff's Application to Register Permanent Residence or Adjust Status ("Form I-485"), which has remained pending for over twenty-two (22) months.
2. Defendants the United States Citizenship and Immigration Services; MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; JOSEPH B. EDLOW, Director, United States Citizenship and Immigration Services; NATALIA FIGUEROA, USCIS San Juan, PR Field Office Director; KASH PATEL, Director of the United States Federal Bureau of Investigation; TODD BLANCHE, Attorney General of the United States, in his official capacity for the United States of America and its named agencies and officers; and HECTOR RAMIREZ-CARBO, Acting U.S. Attorney for the District of Puerto Rico, have the statutory obligation to adjudicate, or to ensure the adjudication of, Plaintiff's Form I-485.
3. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, any successor to the named federal officials is automatically substituted as a party.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346(a)(2) in that the subject-matter controversy arises under the Constitution and laws of the United States, and the United States is a party Defendant. This Court also has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act; 5 U.S.C. § 702, the Administrative Procedure Act; and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or her duty.

5. Defendants by law have the statutory responsibility for administering the immigration laws pursuant to 6 U.S.C. § 251 and routinely do and transact business in the Commonwealth of Puerto Rico.

6. This action arises under the United States Constitution and the Immigration and Nationality Act of 1952, 8 U.S.C. § 1101 et seq. ("INA"), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 1570.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1346 (United States Defendant); the Mandamus Act, 28 U.S.C. § 1361 (jurisdiction to compel an officer to perform a duty owed to Plaintiff); and the Administrative Procedure Act ("APA"), 5 U.S.C. § 704 (no other adequate remedy) and 5 U.S.C. §§ 702 and 706(1) (compel agency action unlawfully withheld or unreasonably delayed).

8. Jurisdiction is further proper under the APA, 5 U.S.C. §§ 702 and 706(1), which authorize judicial review of agency action unlawfully withheld or unreasonably delayed.

9. Declaratory relief is sought pursuant to 28 U.S.C. § 2201 (creation of remedy) and 28 U.S.C. § 2202 (further relief).

## VENUE

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1) because Defendants are officers and agencies of the United States, Plaintiff resides in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District, and no real property is involved in this action. Plaintiff appeared for her biometrics appointment at the USCIS Application Support Center in San Juan, Puerto Rico, and the USCIS San

Juan Field Office is the office within this District with jurisdiction over Plaintiff's place of residence.

## PARTIES

11. Plaintiff Luisa Marlen Merlan Hernandez is a native and citizen of Cuba currently residing in Gurabo, Puerto Rico.[1]

12. Plaintiff brings this action against Defendant USCIS, as it is the agency responsible for the administration of the INA, 8 U.S.C. § 1101 et seq., including but not limited to adjudicating Form I-485. USCIS has the statutory obligation to adjudicate requests for immigration applications and benefits and failed to adjudicate Plaintiff's Form I-485. USCIS is a component of DHS and will be notified through the Office of the General Counsel of DHS at USCIS Office of Chief Counsel, 5900 Capital Gateway Drive, Mail Stop 2120, Camp Springs, MD 20588-0009, email uscis.serviceofprocess@uscis.dhs.gov.

13. Plaintiff brings this action against MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security (DHS). In this capacity, he has the responsibility for the administration and enforcement of the immigration laws, including but not limited to, the statutory obligation to adjudicate immigration applications, petitions and benefits, but failed to adjudicate Plaintiff's Form I-485. Mr. MARKWAYNE MULLIN will be notified through the Office of the Secretary of the U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528, and to email address OGC@hq.dhs.gov.

---

[1] Plaintiff's name appears as "Luisa Marlen Merlan Hernandez" in her birth certificate, Form I-94 and Form I-693, and as "Marlen L. Merlan Hernandez" and "Marlen Luisa Merlan Hernandez" in certain USCIS notices. All USCIS notices issued in connection with her application bear Alien Registration Number A242-403-039 and refer to the same individual.

14. Plaintiff brings this action against JOSEPH B. EDLOW, in his official capacity as Director of USCIS, an agency of DHS. In that capacity he is responsible for the administration of USCIS and the implementation of the immigration laws of the United States, including but not limited to, the statutory obligation to adjudicate applications and requests for immigration benefits, but failed to adjudicate Plaintiff's Form I-485. Mr. JOSEPH B. EDLOW will be notified through the Office of the General Counsel of DHS, USCIS Office of Chief Counsel, 5900 Capital Gateway Drive, Mail Stop 2120, Camp Springs, MD 20588-0009, and to the email uscis.serviceofprocess@uscis.dhs.gov.

15. Plaintiff brings this action against NATALIA FIGUEROA, in her official capacity as USCIS San Juan, PR Field Office Director, United States Citizenship and Immigration Services, an agency of DHS. In that capacity she is responsible for the administration of the USCIS San Juan Field Office and the implementation of the immigration laws of the United States, including but not limited to, the statutory obligation to adjudicate applications and requests for immigration benefits, but failed to adjudicate Plaintiff's Form I-485. Ms. NATALIA FIGUEROA exercises supervisory duties at the USCIS San Juan Application Support Center. Ms. NATALIA FIGUEROA will be notified at her address 273 Plaza, 273 Ponce de Leon Ave., Suite 1205, San Juan, PR 00917, and to email natalia.figueroa@uscis.dhs.gov.

16. Plaintiff brings this action against KASH PATEL, Director of the United States Federal Bureau of Investigation, who is sued in his official capacity as the head of the agency that collaborates in, and processed and/or should have processed, the security background checks based on Plaintiff's fingerprints taken at the USCIS Application Support Center in

San Juan, Puerto Rico. Mr. KASH PATEL will be notified at his address 935 Pennsylvania Ave. NW, Washington, DC 20535.

17. Plaintiff brings this action against TODD BLANCHE, Attorney General of the United States. He is sued in his official capacity and has representative capacity of all of the above-named agencies and officers. Mr. TODD BLANCHE will be notified at 950 Pennsylvania Ave. NW, Washington, DC 20530-0001.

18. Plaintiff brings this action against HECTOR RAMIREZ-CARBO, Acting U.S. Attorney for the District of Puerto Rico, who is sued in his official capacity. He will be notified at his address at 350 Carlos Chardon St., Torre Chardon, Suite 1201, San Juan, PR 00918.

19. Plaintiff brings this action against the UNITED STATES OF AMERICA, which is named pursuant to the Administrative Procedure Act, 5 U.S.C. § 702.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

20. Plaintiff exhausted all administrative remedies available to her, and no further administrative remedy exists to compel USCIS to adjudicate her Form I-485. There is no administrative appeal or procedural mechanism available to challenge USCIS's failure to adjudicate a properly filed adjustment of status application. Plaintiff complied with all statutory and regulatory requirements under the Cuban Adjustment Act and INA § 245, 8 U.S.C. § 1255. She was inspected and admitted into the United States, was physically present in the United States for more than one year before filing, submitted all required documentation, including her Report of Immigration Medical Examination and Vaccination Record (Form I-693), completed biometrics, and paid all required filing fees. Despite full compliance, Defendants have failed to adjudicate her Form I-485 within a reasonable time and paused its adjudication by reason of her country of birth and

nationality. Because there is no adequate administrative remedy to address Defendants' unlawful delay, judicial intervention is appropriate under 28 U.S.C. § 1361 and 5 U.S.C. § 706(1).

## STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

22. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
23. Plaintiff is a native and citizen of Cuba, born on October 10, 1962, in Havana, Cuba. (See Exhibit 1)
24. On December 13, 2023, the United States Department of State issued Plaintiff a B-2 nonimmigrant visitor visa. (See Exhibit 2)
25. On December 20, 2023, Plaintiff was inspected and admitted into the United States by U.S. Customs and Border Protection (CBP) as a B-2 nonimmigrant visitor, authorized to remain until June 19, 2024, and was assigned admission record number 685138695A3. (See Exhibit 3)
26. The Cuban Adjustment Act provides that the status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959, and has been physically present in the United States for at least one year, may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence. Pub. L. No. 89-732, § 1, 80 Stat. 1161 (1966), as amended.
27. Plaintiff has been physically present in the United States since December 20, 2023.
28. On November 21, 2024, Plaintiff appeared before USCIS-designated civil surgeon Dr. Ramon E. Vidal for her immigration medical examination. On December 17, 2024, the civil surgeon completed and signed Plaintiff's Report of Immigration Medical Examination

and Vaccination Record (Form I-693), a sine qua non requirement for USCIS to consider her Form I-485. (See Exhibit 4)

29. On December 23, 2024, after having been physically present in the United States for more than one year, Plaintiff properly filed with USCIS her Form I-485, Application to Register Permanent Residence or Adjust Status, pursuant to the Cuban Adjustment Act, along with Form I-693, fully complying with all applicable statutory and regulatory requirements, including payment of the $1,440.00 filing fee. (See Exhibits 4 and 5)

30. On December 27, 2024, USCIS issued Form I-797C, Notice of Action, confirming receipt of Plaintiff's Form I-485 on December 23, 2024, under the classification "Cuban Adjustment Act," assigning receipt number MSC2590241057 and Alien Registration Number A242-403-039. (See Exhibit 5)

31. On January 18, 2025, USCIS issued an Application Support Center appointment notice scheduling Plaintiff's biometrics appointment for February 6, 2025, at 1:00 p.m., at the USCIS San Juan Application Support Center, 273 Ponce de Leon Ave., San Juan, Puerto Rico. (See Exhibit 6)

32. On February 6, 2025, Plaintiff appeared at the USCIS San Juan Application Support Center and provided her biometrics, as reflected by the Application Support Center stamp placed on her appointment notice. (See Exhibit 6)

33. Despite Plaintiff's full compliance with all statutory and regulatory requirements, USCIS failed to adjudicate her Form I-485. USCIS has no issued a Request for Evidence, a Notice of Intent to Deny, or an interview notice.

34. On December 2, 2025, Defendant USCIS, performing further affirmative acts of withholding the adjudication of Plaintiff's Form I-485, issued Policy Memorandum PM-

602-0192, "Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries," which provides that, "[e]ffective immediately, this memorandum directs U.S. Citizenship and Immigration Services (USCIS) personnel to:

- Place a hold on all Forms I-589 (Application for Asylum and for Withholding of Removal), regardless of the alien's country of nationality, pending a comprehensive review;
- **Place a hold on pending benefit requests for aliens from countries listed in Presidential Proclamation (PP) 10949, Restricting the Entry of Foreign Nationals To Protect the United States From Foreign Terrorists and Other National Security and Public Safety Threats, pending a comprehensive review, regardless of entry date;** and
- Conduct a comprehensive re-review of approved benefit requests for aliens from countries listed in PP 10949 who entered the United States on or after January 20, 2021." (Emphasis provided; footnotes omitted) (See Exhibit 7)

35. Cuba is one of the countries listed in Presidential Proclamation 10949.
36. On January 1, 2026, USCIS issued Policy Memorandum PM-602-0194, extending the adjudicative hold to pending benefit requests filed by nationals of the additional countries listed in Presidential Proclamation 10998, Restricting and Limiting the Entry of Foreign Nationals to Protect the Security of the United States. (See Exhibit 8)
37. As of today, no documented "finding" has been notified to Plaintiff to substantiate or explain the "hold" on the adjudication of her Form I-485.

38. On May 21, 2026, in a new attempt to restructure the INA, Defendant USCIS issued Policy Memorandum PM-602-0199, entitled "Adjustment of Status is a Matter of Discretion and Administrative Grace, and an Extraordinary Relief that Permits Applicants to Dispense with the Ordinary Consular Visa Process," in an attempt to bypass the process structured by Congress that allows certain individuals in the United States, such as Plaintiff, to become lawful permanent residents of the United States. (See Exhibit 9)

39. "Pew Research Center examined the Department of Homeland Security's (DHS) own data on green card issuances, which showed that the new policy granting U.S. Citizenship and Immigration Services (USCIS) greater authority to ask applicants to return to their home country for processing would affect hundreds of thousands of people. The analysis of fiscal year 2024 data, the latest available, showed that around 1.36 million green cards were issued, with around 58 percent going to those already living in the U.S., often relatives of American citizens or individuals in the country on work visas."[2]

40. On June 5, 2026, the United States District Court for the District of Rhode Island issued a decision in Dorcas International Institute of Rhode Island, et al. v. USCIS, et al., Civil No. 1:26-cv-00132, determining that "… each of the Challenged Policies that USCIS enacted—the Benefits Hold Policy, the Global Asylum Hold Policy, the Comprehensive Re-Review Policy, and the Country-Specific Factors Policy—are declared unlawful and are vacated and set aside."[3] On June 11, 2026, the District Court entered partial final judgment pursuant to Fed. R. Civ. P. 54(b), and on July 15, 2026, it denied the Government's motion to stay

---

[2] https://www.pewresearch.org/short-reads/2026/06/02/majority-of-new-green-cards-have-gone-to-immigrants-already-living-in-us/

[3] See Dorcas International Institute of R.I. v. USCIS, 2026 U.S. Dist. LEXIS 124714 (D.R.I. 2026), at pages 153-154.

its decision pending appeal. Dorcas, Civil No. 1:26-cv-00132-JJM-PAS, ECF No. 51 (D.R.I. July 15, 2026).

41. On August 14, 2026, the United States Court of Appeals for the First Circuit granted the Government's request for a stay pending appeal only as to the Comprehensive Re-Review Policy, and otherwise denied it, holding that "[t]he government has not met its burden to demonstrate entitlement to a stay with respect to the other two policies stayed by the district court." Dorcas International Institute of Rhode Island v. USCIS, No. 26-1703 (1st Cir. Aug. 14, 2026). Accordingly, the vacatur of the Benefits Hold Policy remains in effect.

42. Likewise, on April 30, 2026, the United States District Court for the District of Massachusetts held, in granting in part a motion for preliminary relief, that "the adjudicative hold policy is not in accordance with the INA and USCIS regulations," reasoning that Presidential Proclamations 10949 and 10998 address the entry of foreign nationals into the United States from abroad, not the adjudication of benefit applications filed by individuals already present in the United States. Doe v. Trump, Civil No. 1:25-cv-13946-JEK (D. Mass. Apr. 30, 2026).

43. On August 24, 2026, the United States District Court for the Northern District of California certified a class of individuals who are citizens or natives of one or more of the 39 countries listed in Presidential Proclamations 10949 or 10998, or the Palestinian Authority, and who have an asylum or other benefit application pending with USCIS "[t]hat is subject to the adjudication hold imposed by USCIS Policy Memorandum PM-602-0192 (December 2, 2025) or PM-602-0194 (January 1, 2026) that has not received final adjudication as of the date of class certification." The court granted a preliminary injunction and required "that Plaintiffs' (and the class members') applications be adjudicated in the normal course of

USCIS's process." Red Eagle Law, L.C., et al. v. Edlow, Civil No. 3:26-cv-04850-CRB (N.D. Cal. Aug. 24, 2026). The certified class challenges only the policy memoranda and does not encompass individualized unreasonable-delay claims such as Plaintiff's.

44. In a letter dated July 16, 2026, addressed to US Representative Maria Elvira Salazar, the USCIS Office of the Director acknowledged that the District Court in Dorcas has "issued a decision vacating the two policy memoranda" that placed processing holds on immigration benefits for nationals or certain countries, and represented that "USCIS is taking immediate steps to lift all final adjudication holds previously in place. Processing for Cubans and Venezuela should resume accordingly." (See Exhibit 11)

45. On July 11, 2026, USCIS updated the online status of Plaintiff's Form I-485 to reflect that fingerprints relating to her application "have been applied to [her] case." As of November 16, 2026, USCIS's online case status reflected no further action. (See Exhibit 10)

46. Notwithstanding the vacatur of the Benefits Hold Policy, the injunction entered against PM-602-0192 and PM-602-0194, USCIS's own representation that processing for Cubans "should resume," and the completion of Plaintiff's biometrics, USCIS has not adjudicated Plaintiff's Form I-485, which has been pending for over twenty-two (22) months.

47. Plaintiff has complied with every procedural requirement imposed by statute and regulation, yet Defendants have failed to perform their mandatory duty and arbitrarily paused their statutory obligation to adjudicate her Form I-485.

## FIRST CAUSE OF ACTION
## ISSUANCE OF A WRIT OF MANDAMUS (28 U.S.C. § 1361)

48. Plaintiff repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. Plaintiff seeks issuance of a Writ of Mandamus pursuant to 28 U.S.C. § 1361 compelling Defendants to perform a duty owed to her, namely, the adjudication of her Form I-485,

Application to Register Permanent Residence or Adjust Status, filed pursuant to the Cuban Adjustment Act and INA § 245, 8 U.S.C. § 1255.

50. Defendants possess a mandatory, non-discretionary duty to process and adjudicate immigration benefit applications within a reasonable period of time. 5 U.S.C. § 555(b).

51. While the ultimate decision to grant or deny adjustment of status may involve discretionary elements, the duty to adjudicate the application is not discretionary.

52. Defendants have unlawfully withheld agency action and have unreasonably delayed adjudication for over twenty-two (22) months.

53. Plaintiff has complied with all statutory and regulatory requirements and has no other adequate remedy at law to compel agency action.

54. Defendants' prolonged inaction constitutes a failure to perform a duty owed to Plaintiff.

55. Plaintiff's right to adjudication is clear and indisputable, and the issuance of a Writ of Mandamus is appropriate under the circumstances.

56. Accordingly, Plaintiff respectfully requests that this Honorable Court issue a Writ of Mandamus ordering Defendants to adjudicate her Form I-485 without further delay.

**SECOND CAUSE OF ACTION**
**ISSUANCE OF A DECLARATORY JUDGMENT (28 U.S.C. § 2201)**

57. Plaintiff repeats and re-alleges paragraphs 1 through 56 as if fully set forth herein.

58. An actual and justiciable controversy exists between Plaintiff and Defendants regarding Defendants' failure to adjudicate Plaintiff's Form I-485 filed pursuant to the Cuban Adjustment Act and INA § 245, 8 U.S.C. § 1255.

59. Plaintiff has fully complied with all statutory and regulatory requirements necessary for USCIS to adjudicate her application.

60. Defendants' prolonged and unexplained delay has caused Plaintiff legal uncertainty and ongoing harm.

61. Defendants' failure to adjudicate Plaintiff's Form I-485 constitutes unlawful agency action in violation of the INA and the Administrative Procedure Act.

62. A Declaratory Judgment is appropriate to determine the legal obligations of Defendants and to declare that their delay is unlawful, arbitrary, capricious and/or unreasonable.

63. Such declaration will resolve the present controversy and clarify the rights and legal relations of the parties.

64. Plaintiff respectfully requests that this Court declare that:

   a. Defendants have unlawfully withheld and unreasonably delayed adjudication of Plaintiff's Form I-485;

   b. Defendants may not withhold the adjudication of Plaintiff's Form I-485 by reason of her country of birth or nationality, or on the basis of PM-602-0192 or PM-602-0194;

   c. Defendants are required to adjudicate Plaintiff's Form I-485 promptly and without further delay; and

   d. Plaintiff has satisfied all statutory conditions precedent to adjudication.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE INA AND IMPLEMENTING REGULATIONS (8 U.S.C. § 1255; 8 C.F.R. § 245.2)

65. Plaintiff repeats and re-alleges paragraphs 1 through 64 as if fully set forth herein.

66. Plaintiff filed her Form I-485 pursuant to the Cuban Adjustment Act of 1966 and INA § 245, 8 U.S.C. § 1255.

67. Plaintiff satisfied all statutory and regulatory requirements governing eligibility for adjustment of status.

68. Defendants are charged with administering and enforcing the Immigration and Nationality Act and its implementing regulations, including 8 C.F.R. § 245.2.

69. While the ultimate determination to grant or deny adjustment of status may involve discretionary judgment, neither the INA nor its regulations authorize Defendants to indefinitely withhold adjudication of a properly filed application.

70. The statutory framework contemplates adjudication, not administrative stagnation.

71. Defendants' prolonged and unexplained delay contravenes the structure and purpose of INA § 245 and frustrates the remedial intent of the Cuban Adjustment Act.

72. Defendants' refusal to adjudicate Plaintiff's Form I-485 constitutes agency action not in accordance with law.

73. Defendants owe Plaintiff the obligation to process and decide her application within a reasonable period and have unreasonably failed to perform that duty.

74. Accordingly, Plaintiff respectfully requests that this Honorable Court order Defendants to adjudicate her Form I-485 in accordance with the INA and governing regulations.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 706)

75. Plaintiff repeats and re-alleges paragraphs 1 through 74 as if fully set forth herein.

76. Defendants have violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., in that they have unlawfully withheld and unreasonably delayed agency action to which Plaintiff is entitled.

77. The APA requires that agencies conclude matters presented to them within a reasonable time. 5 U.S.C. § 555(b).

78. Under 5 U.S.C. § 706(1), this Court shall compel agency action unlawfully withheld or unreasonably delayed.

79. Defendants' failure to adjudicate Plaintiff's Form I-485 for over twenty-two (22) months constitutes agency action unlawfully withheld and unreasonably delayed.

80. Defendants' inaction, premised on policies that have been vacated and enjoined by federal courts, is arbitrary, capricious, an abuse of discretion, and not in accordance with law.

81. Plaintiff fully complied with all statutory and regulatory requirements governing her adjustment of status application.

82. Defendants' prolonged and unjustified delay frustrates the statutory scheme established under INA § 245 and the Cuban Adjustment Act.

83. Accordingly, Plaintiff respectfully requests that this Honorable Court issue an Order compelling Defendant USCIS to adjudicate her Form I-485 promptly and without further delay and grant such additional relief as may be appropriate under the APA.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Accept jurisdiction over this action;
2. Declare that Defendants have unlawfully withheld and unreasonably delayed adjudication of Plaintiff's Form I-485 in violation of 5 U.S.C. § 706(1) and the Immigration and Nationality Act;
3. Declare that Defendants' failure to adjudicate Plaintiff's application is arbitrary, capricious, an abuse of discretion, and not in accordance with law;
4. Issue a Writ of Mandamus pursuant to 28 U.S.C. § 1361 compelling Defendants to adjudicate Plaintiff's Form I-485, Receipt Number MSC2590241057, promptly and

without further delay, including the scheduling and completion of any interview that USCIS deems necessary at the USCIS San Juan Field Office;

5. Retain jurisdiction over this matter to ensure compliance with the Court's Order;
6. Award Plaintiff reasonable attorney's fees and costs pursuant to applicable law, including the Equal Access to Justice Act, 28 U.S.C. § 2412, if appropriate; and
7. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

In San Juan, Puerto Rico on this 18 day of November 2026.

MARIA DEL ROSARIO GARCIA MIRANDA
Attorney for Plaintiff
PO Box 10365
San Juan, PR 00922
Tel: (787) 977-2323
Mobile: (787) 234-3065
Email: charitogarcia@hotmail.com
BY: /s/ Maria del R. Garcia Miranda
PR USDC Bar No. 304709